Chao Chen v. Holder

BIA
Schoppert, IJ
A094 915 895

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of April, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> REENA RAGGI,
>     *Circuit Judges.*

_____

CHAO CHEN,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-1019-ag
NAC

_____

FOR PETITIONER:      Farah Loftus, Esq., Century City, CA

FOR RESPONDENT:     Tony West, Assistant Attorney General; Erica B. Miles, Senior

**Litigation Counsel; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Chao Chen, a native and citizen of the People's Republic of China, seeks review of a February 23, 2011 decision of the BIA affirming the March 5, 2009 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Chao Chen*, No. A094 915 895 (B.I.A. February 23, 2011), *aff'g* No. A094 915 895 (Immig. Ct. N.Y. City Aug. 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, an IJ may base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of the applicant's account, and inconsistencies in the applicant's statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We will "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a finding. *Xiu Xia Lin*, 534 F.3d at 167.

In this case, the IJ reasonably found Chen to lack credibility based on inconsistencies between Chen's asylum application and testimony, inconsistencies within Chen's testimony, and inconsistencies between Chen's testimony and the testimony of his corroborating witness. Chen indicated in his asylum application that he was born on April 7, 1987, then testified that he was born on April 8, 1987. Chen stated in his asylum application that he was questioned by police about his uncle in February 2006, initially testified that he was questioned in February 2005, and later revised his testimony to state that he was questioned in February

3

2006. Chen initially testified that he was baptized on April 8, 2006, but later indicated that he was baptized in April 2007. Chen testified that he had last seen his corroborating witness several weeks before his hearing, while the witness testified that he had spoken with Chen at church the day before the hearing. These were all proper grounds for an adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166.

The IJ also properly based his adverse credibility finding on Chen's demeanor at the hearing. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Specifically, the IJ found that Chen appeared to be "reciting a story that he had memorized and not testifying about events that he had actually lived through." Addendum to Pet's's Br. at 32. We generally defer to such a demeanor finding and do so here. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).

The BIA's decision addressed both the inconsistencies and Chen's demeanor. The BIA also properly concluded that Chen failed to introduce sufficient corroborating evidence to rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Given the totality of the circumstances, including the inconsistencies, Chen's

4

demeanor, and the lack of sufficient corroborating evidence, we conclude that the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. As the only basis for Chen's withholding of removal and CAT claims also depended on his credibility, the adverse credibility determination is also dispositive of those claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5